IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE KEVIN WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION 05-0081-WS-D |
| | ) |
| **BALDWIN COUNTY CORRECTION** | ) |
| **CENTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION [1]

Willie Kevin Williams, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis*. (Docs. 10, 11) This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), and is now before the court on plaintiff's failure to pay the partial filing fee and failure to comply with the court's orders.

Plaintiff filed the instant complaint, along with a motion to proceed without prepayment of fees, on or about May 16, 2005. (Docs. 10, 11) On June 22, 2005 the undersigned Magistrate Judge

---

[1] This is the second report and recommendation issued by the undersigned Magistrate Judge. On April 14, 2005 the undersigned recommended dismissal of this action for plaintiff's failure to file his complaint and motion for *in forma pauperis* status on court forms as ordered. (Doc. 4) Thereafter, plaintiff filed an objection and amendment to the complaint. (Doc. 6) On April 29, 2005 the undersigned withdrew the report and recommendation and plaintiff was given a second opportunity to file his complaint and motion to proceed *in forma pauperis* on court forms. (Doc. 8)

entered an order granting plaintiff's motion to proceed without prepayment of fees and directing plaintiff to remit a partial filing fee of $4.34 to the court no later than July 12, 2005. (Doc. 13) Plaintiff was cautioned that the failure to obey the court's orders would result in a recommendation of dismissal of this action. (Id.) Over three (3) months have lapsed since the court's order directing plaintiff to remit the fee. To date the partial filing fee of $ 4.34 has not been paid to the court and plaintiff has failed to respond to the court's order in any manner. Further, the court's order directing plaintiff to remit the partial filing fee has not been returned as undeliverable for any reason.

Upon consideration of the alternatives that are available to the court, it is the recommendation of the undersigned Magistrate Judge that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. ) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and

Recommendation.

      **DONE and ORDERED** this 31st day of October 2005.

                                  /s/ Kristi K. DuBose
                                  **KRISTI K. DuBOSE**
                                  **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                        **KRISTI K. DuBOSE**
                                                                        **UNITED STATES MAGISTRATE JUDGE**